**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION**

**CARLISA TAYLOR HICKMAN**                                                                **PLAINTIFF**

**v.**                                                                                              **NO. 3:24-cv-383-KHJ-MTP**

**CITY OF NEWTON, MISSISSIPPI**                                                     **DEFENDANTS**

**NOTICE OF 30(b)(6) DEPOSITION OF CITY OF NEWTON, MISSISSIPPI**

Please take notice that Plaintiff will take the deposition of Defendant, City of Newton, Mississippi, before a certified court reporter which may be transcribed and/or video recorded on November 12, 2025, beginning at 10:00 a.m. at Mayo Law Firm PLLC, 205 East Church Street Newton, Mississippi 39345. Any witness designated may be questioned individually on any matters within their personal knowledge in addition to the designated topics. Please designate one or more persons to testify on the following matters:

1. The alleged protected activities listed in the Complaint.

2. The alleged adverse actions/retaliatory actions listed in the Complaint.

3. Facts concerning comparators working in Plaintiffs department, including job duties, dates of hire, history of known complaints or contentions made by comparators.

4. Termination procedure for Plaintiff, persons involved, and information/communications related to the termination.

5. Pay setting policies and procedures for Plaintiff, persons involved, and information/communications related to the termination.

6. Policies pertaining to overpayment to employees and repayment requests comparable to Plaintiff's circumstances regarding possible overpayment.

7. The facts connected with the pay reduction, repayment request and termination of Plaintiff.

8. Facts connected with any other pay reduction, repayment request, and/or discipline connected with pay reductions or repayment requests involving other employees from 2018 to the present.

9. Pay scales or pay information concerning certified and non-certified law enforcement officers.

10. The facts connected with Plaintiff's hiring, certification, training requests, and MLEOTA.

11. The facts alleged in Response No. 6 in Defendant's position statement to the EEOC, the basis for those facts, and the way the facts represented to the EEOC were developed and verified by the Defendant.

12. Performance evaluation policies and procedures.

13. Disciplinary policies and procedures.

14. Policies or procedures regarding the prevention of discrimination or retaliation and steps for remediation.

15. Policies or procedures concerning employment, attendance, pay, performance, termination and personnel records.

16. Policies and procedures concerning family leave, pregnancy and protected activities of employees.

17. [Withdrawn]

18. [Withdrawn

19. Plaintiff's entire personnel record and history, including job description, tasks/duties, compensation including the value of benefits, attendance, disciplinary issues, and job performance evaluations throughout her employment with Defendant.

20. Compensation, sex and job duties of potential comparators within the police department.

21. [Withdrawn]

22. [Withdrawn]

23. [Withdrawn]

24. What devices, social media accounts, electronic databases, email addresses and other sources of information were searched for information responsive to Plaintiff's discovery requests.

25. [Withdrawn]

26. The manner in which searches were performed for responsive documents pertaining to RFP No. 4.

27. [Withdrawn]

28. Defendant's responses to discovery requests in this matter.

29. The facts supporting the alleged legitimate non-discriminatory or non-retaliatory reasons for Defendants' decisions and actions in this case.

30. The factual basis for those matters denied in the answers filed in this case.

31. The factual basis supporting any affirmative defense plead in the answers filed in this case.

32. City of Newton Police Department policies regarding employees using phones, computers, or software which is not Department issued and which is used to communicate about work or conduct work.

33. Company policy on the use of personal devices (phones, computers) to communicate about work or conduct work.

34. Company policy as to whether it owns the contents of communications about work on privately owned devices.

35. [Withdrawn]

36. The description and existence of the documents identified in the Schedule of Documents & Things below.

37. [Withdrawn]

38. [Withdrawn]

39. The Defendant's policies on retention/destruction of electronic communications used for work purposes that pertain to police officers.

40. The custody and location of the documents identified in the Schedule of Documents & Things below.

41. [Withdrawn]

42. The available methods of search for the documents identified in the Schedule of Documents & Things below.

## SCHEDULE OF DOCUMENTS & THINGS

43. Text messages, emails, and social media posts by any person who made a decision concerning Plaintiff's hiring, certification, training, or termination of employment. The temporal scope is limited to May 2020 through April 2022.

44. Company email, including issues of retention, archiving, servers, file format, creation, storage, deletion, preservation, synching, and search.

45. Non-company-issued communication devices used for work purposes.

46. Text messaging, chat, social media, and other electronic communication methods used for work purposes.

47. [Withdrawn]

48. Documents produced in initial disclosures and discovery responses in this matter.

Dated this the 6th day of November, 2025..

                Respectfully submitted,

                By:*/s/ Kevin Hanlon*

                    Kevin Hanlon (MSB No. 106812)
                    Joel F. Dillard, P.A.
                    775 North Congress Street
                    Jackson, Mississippi 39202
                    (601) 509-1372, ext. 3
                    kevin@joeldillard.com